UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JANE & JOHN DOE,

    Plaintiff,

vs.

WARREN COUNTY, OHIO, *et al.*,

    Defendants.

Case No. 1:12-cv-789

Weber, J.
Bowman, M.J.

**MEMORANDUM ORDER**

This civil action is now before the Court on Plaintiff's motion to proceed in this matter pseudonymously (Doc. 3), Plaintiffs' motions to correct/redact (Docs. 10, 24) and Plaintiffs' motion to amend complaint. (Doc. 19). The motions will be addressed in turn.

**I.    Background and Facts**:

According to the complaint, in February 2011, Plaintiffs Jane and John Doe were serving as foster parents to an infant child. Defendants are employees of Warren County, Ohio Jobs & Family Services and Warren County, Ohio Sheriff's Department.

On February 28, 2011, Defendants arranged to pick up a child that was under the foster care of Plaintiffs for a visitation with the biological father. Approximately one week prior, Plaintiff Jane Doe advised Defendants that the car seat for the infant was too small and was adverse to the safety recommendation of the manufacturer. Upon arrival by a Warren County Children Services aide, Plaintiff Jane Doe refused to permit the child to be transported in an unsafe car seat.

Thereafter, Plaintiffs allege that Defendants placed misleading and negative information into State Automated Child Welfare Information System (hereafter referred to as "SACWIS") relating to obtaining the foster child from Plaintiff on February 28,

1

2011. Namely, that Plaintiff Jane Doe was threatening towards a case aide, who was denied control of a foster child, during which it took the aid of three different employees of Warren County Children's Services including Defendant Barger to remove the child.

Since February 28, 2011 and as recent as May 11, 2012, Plaintiffs allege that Defendants made misleading statements that Plaintiffs Jane Doe and John Doe have stalked employees of Warren County Children's Services. The complaint further alleges that Defendants made misleading statements suggesting that Plaintiff Jane Doe was stalking the biological father of a foster child that had been in their care.

On April 12, 2011, Defendants recommended to Ohio Department of Jobs & Family Services that there be a revocation of the certification of the foster home license for Plaintiffs Jane Doe and John Doe.

On September 8, 2011, Ohio Department for Jobs & Family Services rejected Warren County's recommendation to revoke the foster care certification.

Since September 14, 2011, Plaintiffs Jane Doe and John Doe have sought to have their SACWIS file purged of the alleged misleading statements placed in the file by Defendants and various other personnel or employees of Defendants. Defendants have continued to deny the purging or correcting of Plaintiffs' file.

On or about April 26, 2012, Defendants advised Plaintiffs that they must submit to psychological evaluation in accordance with Ohio Administrative Code §5101:2-7-02 (E) & (G) to be conducted by a forensic psychologist designated by Defendants. Furthermore, Defendants stated that Warren County Children Services required that Plaintiffs execute a release of all information obtained by the psychologist from prior psychological evaluations, therapy notes and the current testing and evaluation to them.

Plaintiffs Jane Doe and John Doe objected to the forensic psychological evaluation, arguing that it was not required for a license recertification under Ohio Administrative Code §5101:2-7-02 (E) & (G).

On May 11, 2012, Defendants reported that a threat had been made to Warren County Children Services by Plaintiff Jane Doe. As a result, Plaintiff Jane Doe was charged with Aggravated Menacing under Ohio Revised Code §2903.21, a fifth degree felony. Plaintiff Jane Doe was then arrested and incarcerated on May 15, 2012. On June 14, 2012, the Prosecutor for the City of Lebanon dismissed the charge without prejudice.

In light of the forgoing, Plaintiff's complaint asserts claims against the Defendants for violating their civil rights pursuant to 42 U.S.C. § 1983, as well as state law claims for intentional inflection of emotional distress, negligent inflection of emotional distress, false light, slander, invasion of privacy, malicious prosecution, libel, retaliation, tortious interference with Foster Care Relationships, tortious interference with adoption relationships.

*A. Motion to Proceed Pseudonymously and Motions to Redact/Correct*

Plaintiffs' ask the Court to proceed anonymously because they are challenging the governmental activity of Defendants named herein. (Doc. 3). Plaintiffs further assert that upon the prosecution of the cause of action of this suit, Plaintiffs could be compelled to disclose information that is protected of foster parents, children and their natural parents. Plaintiffs' also ask the Court to redact certain identifying information contained in the Defendants' Answer and in the Affidavit of Deputy Thomas Naumovski filed in support of Defendants' Motion for Summary Judgment. (*See* Docs. 8, 10, 17,

24)

Leave to proceed under pseudonymously is within the discretion of the Court. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In considering whether to grant such leave we start from the premise that proceeding pseudonymously is the exception rather than the rule. Fed. R. Civ. P. 10(a) requires that the complaint state the names of all parties. In order to circumvent this requirement, it must be shown that the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *Doe v. Porter*, 370 F.3d at 560.

When determining whether such an exception is justified, a court may consider, among others, the following factors:(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id.* at 560 (internal quotes omitted). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

Upon careful review, the Court does not find that the Plaintiffs' interest in anonymity satisfies the heavy burden they must carry to avoid the standard obligation to identify them. Here, only one of the four factors is present in this matter; namely, that Plaintiffs are suing to challenge governmental activity. As such, the Court sees no

added benefit to anonymity that outweighs the right of access to public records. Accordingly, Plaintiffs' motion to proceed pseudonymously (Doc. 3) is therefore denied. As a result of this determination, Plaintiffs' motions to correct/redact identifying information are therefore denied as moot. (Docs. 10, 24).

    B. *Motion to Amend*

In response to Plaintiffs' complaint, Defendants filed motions for judgment on the pleadings and motions for summary judgment asserting, *inter alia*, that Plaintiffs' complaint fails to include sufficient factual allegations that would state a claim for relief. In response, Plaintiffs filed a motion to amend the complaint. (Doc. 19). Defendants' oppose the motion, asserting that Plaintiffs seek to amend their complaint as a substitute for their obligation to file memoranda in opposition to Defendants' dispositive motions.[1] The record reflects that the Court allowed Plaintiffs until January 7, 2013 to file their memoranda in opposition to these motions. (*See* December 11, 2012 Notation Order). However, instead of responding to Defendants' motions on or before January 7, 2013, Plaintiffs now seek to amend their complaint to cure many of the deficiencies raised by Defendants in their motions.

Leave to amend a complaint shall be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). However, denial of a motion to amend is proper if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

---

[1] Plaintiff did not file a reply brief.

Here, the undersigned recognizes Defendants' frustration with Plaintiffs' last minute effort to amend the complaint; however, Defendants' do not claim that Plaintiffs' proposed amendments would be futile.  Accordingly, for good cause shown, and because leave to amend a complaint shall be freely granted when justice so requires, the Court finds that Plaintiff's motion is well-taken.  Plaintiffs, however, are put on notice that further amendments, absent extraordinary circumstances, will be denied.

C. *Motions to Stay*

Plaintiffs also filed motions to stay any hearings on Defendants pending motions for judgment on the pleadings and motions for summary judgment. (Docs. 20, 21, 22, 23).  In light of this Order and the contemporaneously filed Report and Recommendation, Plaintiffs' motions to stay are denied as moot.

Based on the foregoing, **IT IS THEREFORE ORDERED THAT**: 1) Plaintiffs' motion to proceed pseudonymously (Doc. 3) is **DENIED**; 2) Plaintiff's motions to correct/redact (Docs. 10, 24) are **DENIED as MOOT**; 3) Plaintiff's motion to amend (Doc. 19) is **GRANTED**.  Plaintiff's counsel is **DIRECTED** to electronically file the amended complaint forthwith.  The amended complaint shall also remove all pseudonyms and properly identify the named Plaintiffs in this action; and 4) Plaintiffs' motions to stay (Docs. 20, 21, 22, 23) are **DENIED as MOOT**.

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge