**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JANE & JOHN DOE,

      Plaintiff,                            Case No. 1:12-cv-789

vs.                                    Weber, J.
                                      Bowman, M.J.

WARREN COUNTY, OHIO, *et al.*,

      Defendants.

**REPORT AND RECOMMENDATION**[1]

This civil action is before the Court on Defendants' motions for judgment on the pleadings and motions for summary judgment. (Docs. 12, 13, 14, 15). The motions have been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, and in light of the filing of Plaintiffs' amended complaint, I now recommend that Defendants' motions be denied.

**I.     Background and Procedural History**

Plaintiffs Jane and John Doe served as foster parents with Warren County Children Services. Plaintiffs filed the original complaint in this matter on October 11, 2012, asserting civil rights violations pursuant to 42 U.S.C. § 1983 as well as state law claims for intentional inflection of emotional distress, negligent inflection of emotional distress, false light, slander, invasion of privacy, malicious prosecution, libel, retaliation,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

tortious interference with Foster Care Relationships, tortious interference with adoption relationships against Defendants

In November and December 2012, Defendants filed motions for judgment and motions for summary judgment seeking to dismiss Plaintiff's complaint.  (Docs. 12, 13, 14, 15).  Defendants' motions assert, *inter alia*, that Plaintiffs' complaint fails to include sufficient factual allegations that would state a claim for relief.  In response to Defendants' motions, Plaintiffs filed a motion for leave to amend the complaint, in order to provide additional factual allegations in order to correct any defects in their original Complaint.  (Doc. 19).  Plaintiff's motion to amend was granted on February 25, 2013. (Doc. 26).

## II.   Analysis

"The general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward."  *Greater Cincinnati Coalition for Homeless v. City of Cincinnati*, No., 1:08-cv-603, 2009 WL 3029661, at *3 (S.D. Ohio Sept. 16, 2009) (quoting 6 Wright, Federal Practice & Procedure § 1476, at 556-57 (2nd ed. 1990 & Supp. 2001)).  Once an amended pleading is filed, the original pleading no longer performs any function in the case.  *Hartman v. Register*, No. 1:06-cv-33, 2007 WL 915193, at *5 (S.D. Ohio Mar. 26, 2007).  Any subsequent motion filed by the opposing party should be directed at the amended pleading.  *Id.*

In that regard, the filing of an amended complaint generally moots a pending motion to dismiss.  *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002).  *See also Hartman,* 2007 WL 915193, at *6 (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot

given the subsequent filing of a second amended complaint)); *Pethtel v. Washington County Sheriff's Office*, No. 2:06-799, 2007 WL 2359765, at *5 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint"). Accordingly, because Plaintiffs have been granted leave to file an amended complaint, the undersigned finds that Defendants' motions for judgment on the pleadings and motions for summary judgment, directed at the original complaint, should be denied at this time. Defendants may re-file dispositive motions, if necessary, after the amended complaint is filed.

### III. Conclusion

Based on the foregoing, the Court hereby **RECOMMENDS** that Defendants' motions for judgment on the pleadings and motions for `summary judgment, directed at the original complaint (Docs. 12, 13, 14, 15) should be **DENIED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JANE & JOHN DOE,

      Plaintiff,                           Case No. 1:12-cv-789

vs.                                      Weber, J.
                                             Bowman, M.J.

WARREN COUNTY, OHIO, *et al.*,

      Defendants.

<b>NOTICE</b>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).