UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANN M. LEITCH, et al.,

            Plaintiffs,

    v.                                 Case No. 1: 12-cv-789-HJW

WARREN COUNTY CHILDREN'S
SERVICES, et al.,

            Defendants

### ORDER

      Four motions are pending (doc. nos. 30-33), two for summary judgment and two for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The Magistrate Judge has recommended granting all four motions and closing the case (doc. no. 54, Report and Recommendation). Plaintiffs filed "Objections" (doc. no. 56), and defendants responded (doc. no. 57). This Court has fully considered the record, including the pleadings, motions, responsive briefs, and objections. Upon *de novo review*, the Court will <u>overrule</u> the objections, <u>grant</u> the motions, and <u>adopt</u> the Report and Recommendation, for the following reasons:

### I. Standard of Review for Objections

      The Magistrate Judge Act, 28 U.S.C. § 631 et seq., provides for *de novo* review by the district court when a party timely files specific written objections. Poorly drafted objections, general objections, or objections that require a judge's interpretation do not suffice. <u>Howard v. Sec. of HHS</u>, 932 F.2d 505, 508-09 (6th Cir. 1991). The district court need not provide *de novo* review where the objections are frivolous, conclusive, or general. <u>Mira v. Marshall</u>, 806 F.2d 636, 637 (6th Cir.

1

1986). Objections must be specific. Generalized objections that do not sufficiently "specify the issues of contention" do not satisfy this requirement. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); Howard, 932 F.2d at 509. Simply restating prior arguments does not amount to a "specific objection." See, e.g., Holl v. Potter, 2011 WL 4337038 (S.D.Ohio), affirmed by 506 Fed.Appx. 428 (6th Cir. 2012); Harris v. Morgan, 2012 WL 2505838 at *3 (N.D. Ohio). Absent compelling reasons, parties may not raise new arguments or issues that were not presented to the magistrate. Murr v. U.S., 200 F.3d 895, 902 fn.1 (6th Cir. 2000).

## II. Plaintiffs' Objections

Plaintiffs make the following objections: 1) "Because Defendants and the Magistrate Judge's Report and Recommendation rely on irrelevant law and conclusory findings regarding Plaintiffs' first cause of action, Defendants have not met their burden for a judgment on the pleadings;" and 2) with respect to the second cause of action, "Genuine issues of fact remain as to whether Mrs. Leitch's arrest was supported by probably cause, thus, precluding Defendants' Motion for Summary Judgment" (doc. no. 56 at 2-3). In their response to the objections, defendants assert that the objections were untimely and may be stricken on that basis alone (doc. no. 57 at 7). In any event, the Court has reviewed the objections and finds them to be without merit.

## III. Discussion

### A. Plaintiffs' First Objection

Defendants Shawna Barger, Nakia Bedgood, David Gully, Patricia Jacobs, Tom Naumovski, Larry Sims, and Warren County Children Services move to

dismiss the plaintiffs' "First Cause of Action" for failure to state a claim (doc. no. 32). Defendant Shawna Barger has separately moved to dismiss all causes of action against her for failure to state a claim (doc. nos. 31). Defendants answered the complaint, and thus, these two motions are brought pursuant to Rule 12(c).

The same standard generally applies to motions under Fed. R. Civ. P. 12(b)(6) and 12(c). <u>Wee Care Child Ctr., Inc. v. Lumpkin</u>, 680 F.3d 841, 846 (6th Cir. 2012); <u>EEOC v. J.H. Routh Packing Co.</u>, 246 F.3d 850, 851 (6th Cir. 2001). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. Although the court must accept well pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." <u>Ferron v. Zoomego, Inc.</u>, 276 Fed.Appx. 473 (6th Cir. 2008) (quoting <u>Lewis v. ACB Business Serv., Inc.</u>, 135 F.3d 389, 406 (6th Cir. 1998)).

In their "First Cause of Action" (doc. no. 28 at 10-15), plaintiffs Ann and David Leitch assert a § 1983 claim for violation of the First Amendment based on alleged "retaliation" for Ann Leitch's "speech." According to the amended

3

complaint, Ann Leitch had advised the Warren County Children's Services that the car seat the plaintiffs had purchased three weeks earlier was now too small to transport the 7-month old foster child in their temporary care (Amended Complaint, ¶ 15). The next week, Ann Leitch admittedly refused to surrender the child to a caseworker for a visit to the foster child's biological father, allegedly because the agency's car seat was "not safe" to transport the child (¶¶ 15, 44). Several caseworkers had to intervene (¶ 44). Plaintiffs allege that caseworker Shawna Barger stated that Ann Leitch had threatened to call the police on them (¶ 45). Plaintiffs allege that employees of Warren County Children's Services reported that Ann Leitch had made threats (¶¶ 30-31) and been stalking employees and the foster child's biological father (¶¶ 20-21). Ann Leitch was subsequently arrested for aggravated menacing (¶ 34). Plaintiffs complain that the defendants did not assign them any more foster children after February 28, 2011 (¶¶ 18-19, 50), sought to revoke their foster license (¶¶ 22, 48), and requested them to undergo psychological testing before renewing their license (¶¶ 28, 51).

Plaintiffs allege in conclusory language that Ann Leitch's complaint about the car-seat amounted to "protected activity" (¶ 38), that the plaintiffs suffered "adverse actions" (¶ 54), and that a "causal connection" exists between Ann Leitch's speech and the adverse actions (¶ 57).[1] These allegations track employment case law for a plaintiff's initial burden to make a "prima facie" case of First Amendment retaliation under 42 U.S.C. § 1983 based on indirect evidence.

---

[1] The amended complaint does not mention any "speech" by David Leitch.

Plaintiffs' complaint cites and quotes such case law (see ¶ 54, citing Miller v. City of Canton, 319 Fed.Appx. 411, 416 (6th Cir. 2009)).

It is unnecessary to recite case law in a complaint. More importantly, a plaintiff's initial burden to make a "prima facie" case on summary judgment should not be confused with basic pleading requirements. Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012) (explaining that this burden-shifting framework is "an evidentiary standard, not a pleading requirement"). When considering a motion to dismiss, the Court need only consider whether the amended complaint sufficiently states plausible claims, not whether plaintiffs have made out a prima facie case based on indirect evidence.

To state a viable claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." 42 U.S.C. § 1983. The alleged conduct must have deprived a person of "rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981). An action has no arguable legal basis when the defendants are immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Here, the facts alleged in the amended complaint do not state a cognizable claim for violation of the First Amendment.

In her Rule 12(c) motion (doc. no. 31), defendant Shawna Barger asserts that the plaintiffs' claims are premised on the erroneous assumption that they have "constitutional rights" as foster parents. In other words, plaintiffs are

5

claiming "violation of a legal interest which clearly does not exist." Neitzke, 490 U.S. at 327. She points out that foster care is a matter of contract defined by Ohio state law and that persons providing foster care services have no right to refuse to relinquish a foster child to the county agency. See Renfro v. Cuyahoga Cty. Dept. of Human Services, 884 F.2d 943, 944 (6th Cir. 1989) (affirming dismissal pursuant to Rule 12(b)(6) of plaintiffs' claim that removal of foster child deprived them of a constitutionally protected liberty interest without due process of law); Rodriguez v. McLoughlin, 214 F.3d 328, 341 (2d Cir. 2000), cert. denied, 532 U.S. 1051 (2001) (dismissing complaint because plaintiffs had no constitutionally protected "liberty interest" in retaining custody of a foster child).

Plaintiffs concede this, but object that they are not asserting a constitutional due process violation or challenging any "lack of procedure" for removal of the child (doc. no. 56 at 11, acknowledging that "nowhere in plaintiffs' complaint do they allege a denial of their due process rights"). Instead, plaintiffs characterize their "First Cause of Action" as a First Amendment retaliation claim. They rely on employment law and contend that they suffered "adverse actions" as "retaliation" for Ann Leitch's "speech" about the car seat. Plaintiffs contend that this amounted to "protected First Amendment speech."

Defendants asserted that the plaintiffs' First Amendment claim is largely conclusory (doc. no. 32 at 4). Defendants point out that all of the alleged "retaliatory conduct" is merely plaintiffs' mischaracterization of reasonable administrative actions taken by the defendants after Ann Leitch refused to return the foster child to employees of Warren County Children Services for a scheduled

6

visit with the child's biological father. Plaintiffs had no right to retain custody of the foster child. As pleaded, the facts indicate that Ann Leitch interfered with the custody of the biological father and Warren County Children Services. Although plaintiffs attempt to construe subsequent events as "retaliation" for Ann Leitch's "speech," the allegations regarding the defendants' subsequent actions do not set forth a violation of the First Amendment.

In their objections, plaintiffs argue that 'the exercise of the First Amendment right to protect the safety of the child should not be thwarted under the characterization of a threat to wrongdoers of the agency." There is no such "First Amendment right to protect the safety of the child." Plaintiffs' refusal to relinquish custody of a foster child under state law is not protected as "speech" by the First Amendment. The alleged facts of the Amended Complaint fail to state a viable First Amendment claim. Plaintiffs bring no claim under any whistleblower statute.

Although the amended complaint cites employment case law regarding retaliation against public employees (¶ 54), the plaintiffs' foster care license does not make them "public employees." Moreover, Ann Leitch's prior "speech" about the "too-small" car seat was admittedly part of her duties as a foster parent. She acknowledges that under state law, she had a duty to report any unsafe conditions. Even for actual "public employees," the First Amendment "does not prohibit managerial discipline based on an employee's expressions made pursuant to official responsibilities." Garcetti v. Ceballos, 547 U.S. 410, 424 (2006). The United States Supreme Court has held:

> We reject . . . the notion that the First Amendment shields from discipline the expressions employees make pursuant to their professional duties. Our precedents do not support the existence of a constitutional cause of action behind every statement a public employee makes in the course of doing his or her job.

Id. at 425. To the extent the plaintiffs complain about the agency's efforts to revoke their license for foster care (¶ 152), plaintiffs were afforded a state grievance hearing and prevailed (i.e., the state declined revocation). As the Supreme Court emphasized in Garcetti, the First Amendment does not "constitutionalize the employee grievance" Id. at 424 (citing Connick, 461 U.S. at 154). Plaintiffs acknowledge they are not challenging such state procedures. The Magistrate Judge appropriately recommended dismissal of plaintiffs' First Amendment claim.

### B. Plaintiffs' Second Objection

In the "Second Cause of Action" in the Amended Complaint, plaintiffs allege violation of the Fourth Amendment based on the arrest of Ann Leitch for criminal menacing. Plaintiffs allege that her arrest was an "unreasonable seizure." Defendants Tom Naumovski, Larry Sims and Warren County Children's Services have moved for summary judgment on this claim (doc. no. 30). Defendant David Gully has filed a separate motion for summary judgment (doc. no. 33).

In their objections, plaintiffs acknowledge the applicable law but contend that "genuine issues of fact remain as to whether Mrs. Leitch's arrest was supported by probable cause" (doc. no 54 at 8). This generalized objection lacks merit. As the Magistrate Judge fully discussed in her report, the record reflects

8

adequate probable cause for the officer's arrest of Ann Leitch for criminal menacing, and therefore, the officer is entitled to qualified immunity. Probable cause exists where an officer has "reasonably trustworthy information" that the suspect has committed a crime. Gardenhire v. Schubert, 205 F.3d 303, 315 (6th Cir. 2000) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). The relevant question is what the officer knew at the time of the arrest. Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Defendants point to numerous facts that supported the officer's adequate finding of probable cause (doc. no. 57 at 4-5). For example, on the morning of May 11, 2012, Dep. Naumovski received information about a threat made to Warren County Children's Services employees. He went there to investigate further and spoke with Director Patti Jacobs. She informed him about the February 28, 2011 incident when Ann Leitch had refused to relinquish the foster child and had behaved in a threatening manner. She advised the officer that Ann Leitch had been stalking the child's biological father and employees of Warren County Children's Services. She informed the officer about the phone call with Ann Leitch on April 20, 2012, wherein Ms. Leitch had stated "I hope nothing blows up at the agency." Dep. Naumovski took written statements from Jacobs and another employee on the telephone call, detailing Ms. Leitch's threatening comments and behavior. He attempted to contact Ms. Leitch at her home and by phone, without a response. Dep. Naumovski then met with a prosecutor and was advised that there was enough information to file a warrant. He then filed a charge against Ann Leitch for aggravated menacing under Ohio R.C. § 2903.22. A warrant was issued

9

by the Warren County Municipal Court Clerk's office on May 11, 2012. Based on this warrant, Ann Leitch was arrested and briefly detained.

Plaintiffs attempt to undermine the officer's probable cause determination by speculating that Deputy Naumovki may not have "investigated" material information in seeking the warrant. They make much of the three week lag in Ms. Jacob's reporting of Ann Leitch's phone threats (doc. no. 56 at 19). Contrary to plaintiffs' suggestion, this does not fatally undermine the officer's probable cause determination. Once an officer obtains enough facts to support a finding of probable cause, he has no obligation to continue the investigation and may arrest the suspect. Crockett v. Cumberland College, 316 F.3d 571, 581 (6th Cir. 2003). Plaintiffs have not pointed to any evidence of innocence known to the officer at the time of arrest. Although plaintiffs suggest that the subsequent dismissal of the charge against Ann Leitch must mean that probable cause was lacking, this argument lacks merit. Although plaintiffs assert that the fact of such dismissal is "paramount to determining whether probable cause existed" (doc. no. 56 at 20), the subsequent dismissal of a criminal charge does not mean that the underlying arrest was made without probable cause.

Plaintiffs also challenge the probable cause determination by asserting that the threat of "serious physical harm" under Ohio's menacing statute must be directed "towards an identifiable person" or "their property." Ohio R.C. § 2903.22(A). Ann Leitch had stated to Ms. Patti Jacobs, Director of the Warren County Children's Services, that she hoped "nothing blows up at the agency." Plaintiffs contend that this threat was "not directed at an individual person" and

10

therefore does not fall under the statute (doc. no. 56 at 18). Although Ann Leitch stated this to Ms. Jacobs, plaintiffs contend that "Ms. Jacobs was not the alleged victim" of the statement. Plaintiffs' misinterpretation of the statute is without merit. Making a threat to an employee to "blow up" that employee's place of employment is sufficient under the statute. In fact, Ohio R.C. § 2903.22(B) specifies that the offense is a first degree misdemeanor if the threat is made to an "officer or employee of a public children services agency" and "the offense relates to the . . . employee's performance or anticipated performance of official responsibilities." Plaintiffs' objection lacks merit, and the Court agrees with the Magistrate Judge's recommendation that summary judgment is appropriate on plaintiffs' Fourth Amendment claim.

As plaintiffs did not object to any other asserted grounds for dismissal and summary judgment (i.e., failure to identify any municipal policy, no liability under respondeat superior, etc.), those additional grounds will not be discussed. The Court agrees with the Magistrate Judge's recommendation to decline jurisdiction over any pendant state claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

For all these reasons, the Court OVERRULES the plaintiffs' "Objections" (doc. no. 56); ADOPTS the Magistrate Judge's Report and Recommendation (doc. no. 54); and GRANTS all four motions (doc. nos. 30-33). This case is DISMISSED and TERMINATED on the docket of this Court.

IT IS SO ORDERED.

Herman J. Weber, Senior Judge
United States District Court